UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **DAVID FROHWERK,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:11-CV-270 PS |
| | ) | |
| **SUPERINTENDENT, Westville** | ) | |
| **Correctional Facility,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner David Frohwerk, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and

"some evidence" to support the decision of the prison disciplinary board."
*Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Frohwerk asserts in his petition that he was denied due process in the disciplinary proceeding. According to the petition, the disciplinary hearing officer sanctioned him with a loss of earned credit time and imposed a $45.00 restitution award (DE 1 at 1). Frohwerk filed an administrative appeal, and the final reviewing authority affirmed the finding of guilt, but modified the sanctions imposed by "dismiss(ing) the Time Earning Class deprivation . . ." (DE 1 at 6).

Frohwerk's claim that he was denied due process in a disciplinary action is cognizable under § 2254 if he lost earned credit time or was demoted to a lower credit time earning classification. The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The hearing officer imposed a loss of credit time on Frohwerk, but the petition and its attachments establish that in response to his administrative appeal the final reviewing authority modified the sanctions imposed by restoring his lost credit time (DE 1 at 6). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions, such as restitution, that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a

prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his sentence). "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998).

In his petition, Frohwerk discusses the conditions of confinement he endured while he was housed in a segregation unit (DE 1 at 3, ¶ 1) and the restitution imposed on him by the hearing officer (DE 1 at 3, ¶ 4). Frohwerk's allegations dealing with conditions of confinement on the WCF segregation unit and the restitution award may be cognizable in an action pursuant to 28 U.S.C. § 1983, but he cannot present them in a §2254 action. *Preiser v. Rodriguez*, 411 U.S. 486 (1983). Habeas corpus is the sole federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release; an inmate who challenges the conditions of his confinement must file a § 1983 action. *Id.* at 498-500. It appears that Frohwerk is attempting to present his conditions of confinement claim regarding the conditions he says he endured in segregation on this occasion in a separate action under § 1983 in *Frohwerk v. Buss,* 2:11cv70 PS.

Because the Petitioner is no longer suffering any sanction that affects the duration of his sentence he is not suffering from a sanction as a result of this disciplinary action that is actionable under U.S.C. § 2254. *Sylvester*, 140 F.3d at 714 (prisoners may not use § 2254 to challenge DHB sanctions that do not effect the duration of their confinement). The Petitioner's request for a writ of habeas corpus must therefore be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District

3

Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition and its attachments that a petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996).

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED**.

ENTERED: October 20, 2011

                                                      /s/ **Philip P. Simon**
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT